UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN CALL,<br><br>    Plaintiff,<br><br>    v.<br><br>TRAVEL NURSE ACROSS AMERICA, LLC,<br><br>    Defendant. | Case No. 2:18-cv-03027-KJM-AC<br><br>ORDER |

        The parties jointly stipulate to dismiss all individual claims brought by plaintiff Karen Call, agreeing this putative class action "should be resolved on an individual basis because counsel for Plaintiff do not believe proceeding with the class action is feasible," while all putative class claims and causes of action should be dismissed without prejudice. ECF No. 21 (emphasis omitted). In response to the parties' stipulation, the court directed the parties to meet and confer and submit a supplemental filing addressing the factors identified in *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1407-09 (9th Cir. 1989) and *Del Rio v. CreditAnswers, LLC*, No. 10CV346-WQH-BLM, 2011 WL 1869881, at \*23 (S.D. Cal. May 16, 2011), Minute Order, ECF No. 22, which the parties did, Suppl. Filing, ECF No. 23. As explained below, the court now APPROVES the stipulation.

/////

/////

1

Federal Rule of Civil Procedure 23 governs the litigation of class actions in federal court. "Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary dismissal of class claims" even before the class is formally certified. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval."); *id.* advisory committee's note to the 2018 amendments ("The introductory paragraph of Rule 23(e) is amended to make explicit that [Rule 23(e)'s] procedural requirements apply in instances in which the court has not certified a class at the time that a proposed settlement is presented to the court."). Where parties seek to voluntarily dismiss class claims, "the court must inquire into possible prejudice from the following circumstances":

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Madrid v. teleNetwork Partners, LTD.*, No. 5:17-CV-04519-BLF, 2019 WL 3302812, at *7 (N.D. Cal. July 23, 2019) (quoting Diaz, 876 F.2d at 1408).

Here, the court is satisfied that dismissal of this action will result in no prejudice to the putative class members. It is the court's understanding that the statute of limitations on certain class claims may have expired on or about March 20, 2019, and therefore some potential class members would be barred from bringing their claims once this case was dismissed. *See* Order, ECF No. 15, at 2 ("Due to the potential impending expiration of the statute of limitations on the added claims on or about March 20, 2019 . . . ."). However, this is not a widely publicized case, and potential class members are unlikely to have relied on this action to vindicate their interests. *See* Suppl. Filing at 3; *see, e.g., Castro v. Zenith Acquisition Corp.*, No. 06-04163, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007) (finding no publicity of case meant potential class members did not rely on the action to assert or protect their claims).

Furthermore, the parties explained in their supplemental filing that dismissal of the classwide claims was based primarily on plaintiff's conclusion the claims lacked merit: "Based on

a review of the information produced by Defendant, Plaintiff concluded Defendant presented classwide evidence showing training time was paid regularly throughout the class period." Suppl. Filing at 2 (citing Decl. of Michael Singer, ECF No. 23-3, ¶ 2). It appears notice to the potential class members is therefore not necessary, particularly because counsel for defendant represents she "conducted an inquiry to determine whether there are any other individuals other than Plaintiff who believes [sic] that they are aggrieved by Defendant's actions" and could not find any. Decl. of Sayaka Karitani, ECF No. 23-1, ¶ 4; *see also* Decl. of Jonathan M. Lebe, ECF No. 23-2, ¶¶ 2–3 (plaintiff's counsel explaining he has only been contacted by one other putative class member, who did not appear to have legitimate claim and who advised she was not interested in pursuing any claims against defendant).

The court is also satisfied the settlement and dismissal are not "tainted by collusion," based on the parties' representation that the settlement was a result of the parties discovering plaintiff was "owed wages for training time due to a clerical error when calculating her wages," and no other individuals appear to have suffered from the same error. Suppl. Filing at 3 (citing Singer Decl. ¶¶ 3, 5; Lebe Decl. ¶¶ 2–3; Karitani Decl ¶¶ 3, 4). Further, plaintiff and plaintiff's counsel "have received no monetary consideration for dismissal of the class claims"; rather, plaintiff's counsel only recovered costs for filing and service and a portion of the attorney's fees attributed to investigating and prosecuting the individual claims. *Id.* (citing Singer Decl. ¶¶ 7–8; Lebe Decl. ¶¶4–5).

For the foregoing reasons, the court APPROVES the parties' stipulation. All of the individual claims and allegations brought by Karen Call are DISMISSED with prejudice and all of the claims and allegations of the putative class members are DISMISSED without prejudice. The court, in its discretion, declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement. *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 381 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993). Unless there is some independent basis for federal jurisdiction, enforcement of the agreement is for the state courts. *Kokkonen*, 511 U.S. at 382.

This order resolves ECF No. 19.

1         This case is CLOSED.

2         IT IS SO ORDERED.

3 DATED: September 23, 2019.

                                                        UNITED STATES DISTRICT JUDGE